# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ZOLTAN BARATI,**

    **Plaintiff,**

vs.                                Case No. 4:18cv275-RH/CAS

**FLORIDA ATTORNEY GENERAL**
**PAMELA JO BONDI, and**
**MOTOROLA SOLUTIONS, INC.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Zoltan Barati, proceeding pro se, initiated this case on June 8, 2018, by submitting a complaint, ECF No. 1, and motion to proceed in forma pauperis, ECF No. 2, among other pleadings. Mr. Barati's in forma pauperis motion, ECF No. 2, was granted and his complaint was reviewed, along with a motion to exceed the page limit. ECF No. 4. Mr. Barati sought to file additional pages "due to extraordinary circumstances, that the events were unfolding for many years." *Id.* That motion was denied pursuant to Rule 8's requirement that the factual allegations of a complaint be "a short and plain statement of the claim showing that the pleader is

entitled to relief." ECF No. 8. Mr. Barati's original complaint was 77 pages long and did not comply with the Local Rules of this Court which limit a complaint to no more than 25 pages, unless authorized by the Court. N.D. Fla. Loc. R. 5.7(B). Because the complaint was not authorized, and insufficient, Mr. Barati was required to file an amended complaint. *Id.*

Mr. Barati has filed an amended complaint. ECF No. 9. Again, he sues the Florida Attorney General, Pamela Jo Bondi, and Motorola Solutions, Inc. ECF No. 9 at 2. Mr. Barati alleges that he is a former Motorola employee who "worked on overseeing the engineering requirements for the Automated Fingerprint Identification System" which was sold to the State of Florida. ECF No. 9 at 3. He contends that the product did not comply with the requirements of the contract and after he voiced concerns to Motorola, he was terminated. *Id.* Mr. Barati filed a "Qui Tam / False Claims Act" case in state court against Motorola in September of 2009. *Id.* Mr. Barati says that after years of litigating his case, the Florida Attorney General "dismissed it with prejudice" on July 18, 2013. *Id.* at 4. Eventually, the Florida First District Court of Appeal affirmed that dismissal. *Id.* at 9.

Mr. Barati alleges that he was injured because of those actions. *Id.* at 10. He has experienced limited employment, and the loss of wages, transportation, and property. *Id.* He was forced to use his retirement and savings to support himself, and has experienced homelessness and poverty. *Id.* Mr. Barati also contends that the Attorney General's actions prevented him from having a "full and fair opportunity to litigate" his case. *Id.* at 16. He was not able to seek review because the "Florida Supreme Court did not recognize jurisdiction to review" the case, and the United States Supreme Court also denied his petition for writ of certiorari. *Id.*

The amended complaint asserts a multitude of claims against the Defendants, although it is not entirely clear which count is brought against which Defendant. ECF No. 9 at 18-21. Mr. Barati seeks declaratory relief, monetary damages, and "an injunction to reinstate the scheduled Quit Tam trial" and permit him "to continue pursuing remedies . . . ." *Id.* at 21-22.

First, any claim brought against Motorola would necessarily have occurred prior to September 3, 2009, when Mr. Barati filed his Quit Tam lawsuit. ECF No. 9 at 3. All such claims are time barred.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. <u>Burton v. City of Belle Glade</u>, 178

F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Because Plaintiff's interactions with Motorola tool place prior to September 2009, more than fours years prior to the commencement of this case, those claims are barred by the statute of limitations and must be dismissed.

Second, Plaintiff is seeking relief related to a prior case which has ended in a final judgment.  The decision of the Florida First District Court of Appeal provides greater clarification of Mr. Barati's case.  There, the court explained the relevant history of his case, as stated in an earlier opinion, State v. Barati, 150 So.3d 810, 811-12 (Fla. 1st DCA 2014):

> In September 2009, Barati filed a qui tam action against Motorola, Inc., pursuant to the Florida False Claims Act, section 68.081 et seq., Florida Statutes ....
>
> The Florida False Claims Act authorizes a private person or the State to initiate a civil action against a person or company who knowingly presents a false claim to the State for payment. The

> private citizen who brings an action, i.e., the "relator," sues on behalf of himself and the State. Such an action is called a qui tam action from the Latin phrase: "qui tam pro domino rege quam pro se ipso in hac parte sequitur." Black's Law Dictionary translates the phrase as: "who as well for the king as for himself sues in this matter." ...
>
> After being served a copy of the qui tam complaint and relevant materials, the State of Florida conducted an investigation, pursuant to section 68.083(3), Florida Statutes. The State declined to join the qui tam action, which Barati thereafter prosecuted for approximately three and a half years. Without formally intervening in the cause, the Attorney General, on behalf of the State, filed a notice of voluntary dismissal of the action on July 18, 2013. The State asserted in its notice that it had the unilateral right to dismiss the action on authority of section 68.084(2)(a), notwithstanding any objections that Barati may have.

Barati v. State, 198 So. 3d 69, 71-72 (Fla. 1st DCA 2016), *review denied*, No. SC16-834, 2016 WL 4429843 (Fla. Aug. 22, 2016), and *cert. denied sub nom.* Barati v. Fla., 137 S. Ct. 1085, 197 L. Ed. 2d 198 (2017), *reh'g denied*, 137 S. Ct. 1618, 197 L. Ed. 2d 741 (2017). The question the appellate court was called upon to answer was did "the Attorney General possess the requisite legal authority to dismiss a pending qui tam action notwithstanding her previous decision to decline to intervene in the action?" Barati, 198 So. 3d at 71. The answer was yes. 198 So. 3d at 78 (concluding that "the Attorney General controls the power of the relator to

end the litigation."). The court determined that "the Attorney General's decision to terminate the litigation [was] unlimited by statute." *Id.*

Thereafter, Mr. Barati sought review in the Florida Supreme Court, but that Court "determined that it should decline to accept jurisdiction" and denied his petition for review. Barati v. State, No. SC16-834, 2016 WL 4429843, at *1 (Fla. Aug. 22, 2016). Mr. Barati then sought review in the United States Supreme Court, but his petition for writ of certiorari was also denied. Barati v. Fla., 137 S.Ct. 1085, *reh'g denied*, 137 S.Ct. 1618 (2017).

In light of those proceedings, this case cannot go forward as it is barred by the Rooker-Feldman doctrine.

> The Rooker-Feldman doctrine is a limitation on the jurisdiction of the inferior federal courts. This limitation is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court. The doctrine is rooted in an understanding that Congress has given only the United States Supreme Court the ability to hear an appeal from a state court decision. See 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court [where appealed on certain grounds]."); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("§ 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court."). The federal district courts, meanwhile, have

been given original, not appellate, jurisdiction. See, e.g., 28 U.S.C. §§ 1331, 1332.

Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1284 (11th Cir. 2018).

> In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified that Rooker-Feldman bars only that class of cases in which federal litigants seek reversal of state court decisions. The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S.Ct. 1517.

Target Media Partners, 881 F.3d 1279 at 1285.  It has been well established since Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), that "no court of the United States other than [the Supreme] [C]ourt could entertain a proceeding to reverse or modify the judgment" of a state court.  Rooker, 263 U.S. at 416, 44 S.Ct. at 150 (quoted in 881 F.3d at 1285).

Here, Mr. Barati's amended complaint seeks to reverse the judgment of the Florida First District Court of Appeal.  He contends that Court got it wrong, *id.* at 15-16, and has caused him injury.  *Id.* at 20-21.  He specifically requests an injunction be issued to "reinstate" his state court

Case No. 4:18cv275-RH/CAS

"Quit Tam trial," and to allow him to "continue pursuing remedies." *Id.* at 22.  Thus, this case is "'inextricably intertwined' with a state court judgment" because Mr. Barati is asking this Court "to 'effectively nullify the state court judgment'" and "it succeeds only to the extent that the state court wrongly decided the issues."  Target Media Partners, 881 F.3d at 1286 (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009)).  The state court judgment is not only final, *see* Woodhull v. Mascarella, 699 F. App'x 872, 875 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2685 (2018), but Mr. Barati sought appellate review

    Providing another opportunity for Mr. Barati to file another amended complaint would serve no useful purpose.  This case should be dismissed as barred by the statute of limitations, barred by the Rooker-Feldman doctrine, and, thus, this Court lacks subject matter jurisdiction.  Woodhull, 699 F. App'x at 875.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 9, be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 15, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**